1  ALEX G. TSE (CABN 152348)
   Acting United States Attorney
2  BARBARA J. VALLIERE (DCBN 439353)
   Chief, Criminal Division
3  KAREN BEAUSEY (CABN 155258)
   Assistant United States Attorney
4
      450 Golden Gate Avenue, Box 36055
5     San Francisco, California 94102-3495
      Telephone: (415) 436-6598
6     FAX: (415) 436-7234
      Karen.Beausey@usdoj.gov
7
   Attorneys for Plaintiff
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11

12 UNITED STATES OF AMERICA,          )  CASE NO.
                                      )
13      Plaintiff,                    )
                                      )
14   v.                               )  **VERIFIED COMPLAINT FOR FORFEITURE**
                                      )  **_IN REM_**
15 $64,760 in United States Currency, )
                                      )
16      Defendant.                    )
                                      )
17 _____)

18
        The United States of America, by its attorneys, Alex G. Tse, United States Attorney, and Karen
19
   Beausey, Assistant United States Attorney for the Northern District of California, brings this complaint
20
   and alleges as follows:
21
22                         **NATURE OF THE ACTION**

23      1.      This is a judicial forfeiture action, as authorized by Title 21, United States Code, Section

24 § 881(a)(6), involving the seizure and forfeiture to the use and benefit of the United States of America

25 the following property:

26      $64,760 in United States Currency seized by law enforcement officers from Kristopher Howard
27      on or about February 5, 2018;
28

                                        1

(hereinafter, "Defendant Property"), as property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of a violation of 21 U.S.C. §§ 841 and/or 846, and thereby forfeitable pursuant to 21 U.S.C. § 881(a)(6).

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881(a)(6).

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395 because the acts or omissions giving rise to the forfeiture occurred in this district and the Defendant Property is located in this district.

4.      Intra-district venue is proper in the San Francisco within the Northern District of California.

## PARTIES

5.      Plaintiff is the United States of America.

6.      The Defendant Property consists of $64,760 in United States Currency seized by law enforcement officers from Kristopher Howard on or about February 5, 2018.

## FACTS

7.      On February 5, 2018, HSI personnel in Indiana notified HSI agents at San Francisco International Airport (SFO) that Kristopher Dion HOWARD was travelling from Indianapolis, Indiana, to San Francisco, California, on Virgin America flight VX1281, and that HOWARD was carrying a large amount of United States currency.

8.      Specifically, HOWARD had presented himself and his carry-on luggage for screening at a TSA security checkpoint at Indianapolis International Airport (IND) earlier that morning, prior to boarding his flight to SFO.  During the screening, TSA personnel observed a large amount of United States currency within his carry-on bag.  HOWARD was allowed to proceed to his flight with his carry-

on baggage and the United States currency.

9.     HSI Indiana explained that they suspected HOWARD of smuggling narcotics and currency, and informed HSI San Francisco that HOWARD had flown from Indianapolis to San Francisco on other occasions in the preceding few months carrying large amounts of currency.

10.     For example, they informed HSI San Francisco that on December 10, 2017, HOWARD had flown from Indianapolis to SFO with $25,000 in currency concealed in envelopes, large plastic vacuum-sealed bags, and brown paper bags within his carry-on luggage.  The TSA screener who examined HOWARD's bag on that occasion reported that HOWARD's carry-on bag smelled of marijuana.  On that occasion HOWARD was traveling with a companion, Ricardo Alonza Petty, who also had $20,000 in currency concealed in clothing in his carry-on bag.

11.     Similarly, on January 21, 2018, HOWARD again flew to SFO from IND.  This time, TSA screeners observed approximately $30,000 in HOWARD's carry-on luggage.  When asked by TSA personnel why he was carrying the cash, HOWARD stated the money was to buy cars.

12.     HSI Indiana related that its investigation of HOWARD included examination of HOWARD's publicly accessible Facebook account.  That examination revealed that on November 13, 2016, HOWARD posted a photograph of himself lying in a bathtub covered with numerous clear plastic bags containing what appeared to be marijuana.  Accompanying the photograph, HOWARD posted the comment, "[t]aking a dip in the 'pot' tub after a long day of work!"

13.     Based upon the above, HSI SAs John Bartusevics, Jason Ko, and Timothy Patterson, and San Francisco Police Department Task Force Officer Kirk Edison, decided to approach HOWARD to see if he would consent to an interview.  The agents went to the flight's arrival gate and observed HOWARD exit the jet way with his carry-on luggage, which consisted of a backpack and a red duffle bag.  Agents observed that HOWARD was in the company of a woman (subsequently identified as Jodi Nycole Davis), who exited the jet way with HOWARD and her own carry-on luggage (a blue polka dot

roller bag) and a purse.  SA Bartusevics approached HOWARD and Davis, identified himself as a law

enforcement officer, and presented them with his agency issued credentials.  SA Bartusevics asked

HOWARD and Davis if he could speak with them, and both HOWARD and Davis consented.

14.     SA Bartusevics explained to HOWARD and Davis that he worked at SFO and that he

was investigating narcotics and currency smuggling.  At this point, Davis excused herself to use the

bathroom, and returned a short time later.  SA Bartusevics' interview with HOWARD continued in her

absence.

15.     SA Bartusevics asked HOWARD for identification, and HOWARD provided an Indiana

driver's license and a California identification card.  HOWARD stated he previously lived in Los

Angeles, California, but that he currently lived in Indiana.  After she returned from the bathroom, Ms.

Davis also provided an Indiana driver's license.  Ms. Davis stated she was a dancer and a business

partner of HOWARD's.

16.     SA Bartusevics asked HOWARD and Ms. Davis about the purpose of their travel, and

HOWARD replied that he planned to purchase vehicles in California and to take them back to Indiana to

sell.  Based on his training and experience, SA Bartusevics recognized this as a common cover story that

smugglers often provide to explain why they carry large sums of currency.  SA Bartusevics asked

HOWARD for more information about his planned purchases of cars, but HOWARD could not provide

any details about his car buying business.  He stated he was not licensed to purchase and sell cars in

either California or Indiana, and he did not have any business cards or other documentation regarding

his alleged business.  HOWARD could not provide any evidence of past or present vehicle purchases or

sales.  Ms. Davis (who both she and HOWARD identified as HOWARD's girlfriend) stated she also did

not have a license to buy or sale cars in California or Indiana.  Neither HOWARD nor Ms. Davis had a

return plane ticket to Indiana, and neither had reservations for hotel accommodations for their stay in

California.

17.     SA Bartusevics asked HOWARD and Ms. Davis if they had narcotics or large amounts of currency in their possession.  HOWARD replied that he did not have narcotics but he was carrying $30,000 in currency.  SA Bartusevics then asked for consent to search their suitcases and HOWARD and Ms. Davis both consented, but requested the search take place in a discrete area.  Accordingly, they all moved to a public area in the airport with fewer travelers.

18.     Prior to the search, HOWARD and Ms. Davis confirmed they had both packed their own bags and that no one had given them anything to bring to San Francisco.  TFO Edison searched HOWARD's bags and SA Ko searched Ms. Davis's bags.  TFO Edison uncovered large bundles of currency in HOWARD's duffle bag.  The currency was wrapped in rubber bands and concealed in clothing pockets and shoes inside HOWARD's bag.  SA Ko located large bundles of currency similarly bundled in rubber bands and concealed under the inner lining of Ms. Davis' carry-on suitcase.

19.     In his training and experience, SA Bartusevics recognized the manner in which the currency was packaging as consistent with narcotics smuggling.  Specifically, the bundling of the money in rubber-banded stacks and the concealment of the money within clothing, shoes, and the lining of the suitcase were methods of transporting money that SA Bartusevics had observed used by narcotics traffickers in other investigations in which he had worked.

20.     HOWARD claimed that all of the money contained within his and Ms. Davis' luggage was his, and Ms. Davis stated so as well.  HOWARD stated that the money was legitimate, but could not show any bank statements, receipts, or other documentation evidencing where or how he had obtained the money.

21.     SA Bartusevics explained to HOWARD and Ms. Davis that he believed they were in the Bay Area to purchase marijuana, and that they were carrying the currency for that purpose.  SA Bartusevics showed HOWARD the photograph that had been obtained from his Facebook account depicting him lying in a bathtub covered with numerous bags of marijuana.  HOWARD immediately

stated that the photograph had been taken years before, while he lived and worked in Los Angeles. He explained that he used to be part owner of a marijuana dispensary named Hemp Embassy, but that he had a falling out with his business partner. HOWARD did not claim that the money located in his and Ms. Davis' luggage was money he had made during his tenure at Hemp Embassy.

22.     Throughout the encounter, HOWARD was calm and relaxed, and did not appear unusually nervous or anxious. He appeared to understand what was happening and to understand the questions being put to him, and his answers were coherent and responsive to the questions asked.

23.     SA Bartusevics informed HOWARD that the money located in his and Ms. Davis' luggage was going to be detained as suspected drug proceeds pending further investigation, and that neither of them would be arrested and that they were free to leave. The currency was sealed in evidence bags to be counted at Bank of America. Immediately after separating from HOWARD and Ms. Davis, TFO Edison transported the bags containing the seized currency to HSI's offices at SFO. Once there, TFO Edison placed the bags in an office and had his certified narcotics canine "Carlow" conduct a sniff of the office area. Carlow alerted to the currency, indicating to TFO Edison that the odor of narcotics was emanating from the currency.

24.     On February 6, 2018, the currency was transported to Bank of America in Millbrae, California. The Bank verified that the amount of currency seized from HOWARD's and Ms. Davis was $64,760, which consisted of $35,000 from HOWARD's bag and $29,760 from Ms. Davis' bag (which included one counterfeit $20 bill).

## CLAIM FOR RELIEF

25.     The United States incorporates by reference the allegations in paragraphs 1 through 21 as though fully set forth herein.

26.     Title 21, United States Code, Section 841(a) prohibits the manufacture, distribution, or dispensing, and possession with the intent to distribute a controlled substance.

27.     Title 21, United States Code, Section 881(a)(6), provides, in part, for the forfeiture of all moneys, securities or other things of value furnished or intended to be furnished to a person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys and securities used or intended to be used to facilitate any violation of Title 21, United States Code, Chapter 13, Subchapter I, including violations of Title 21, United States Code, Sections 841(a) and 846.

28.     In light of the foregoing, and considering the totality of the circumstances, there is probable cause to believe that the Defendant Property represents proceeds traceable to money, securities or other things of value furnished to a person in exchange for a controlled substance, in violation of Title 21, United States Code, Sections 841(a) and 846, and thus subject to forfeiture under Title 21, United States Code, Section 881(a)(6).

WHEREFORE, plaintiff United States of America requests that due process issue to enforce the forfeiture of the Defendant Property; that notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; and that judgment of forfeiture be entered; that the Court enter judgment forfeiting the Defendant Property; and that the United States be awarded such other relief as may be proper and just.

DATED: June 20, 2018                          Respectfully submitted,

                                              ALEX G. TSE
                                              Acting United States Attorney


                                              KAREN BEAUSEY
                                              Assistant United States Attorney

## VERIFICATION

I, Homeland Security Investigations Special Agent John Bartusevics, state as follows:

1.      I am a Special Agent with the United States Customs and Border Protection, Homeland Security Investigations.  I am a case agent assigned to this case.  As such, I am familiar with the facts and the investigation leading to the filing of this Complaint for Forfeiture.

2.      I have read the Complaint and believe the allegations contained therein to be true.

*        *        *        *        *

I declare under penalty of perjury that the foregoing is true and correct.  Executed this ___19___ day of June, 2018, in _San Fransisco_, California.


Special Agent John Bartusevics
Homeland Security Investigations

8

JS-CAND 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
AUSA Karen Beausey
450 Golden Gate Ave., 9th Floor
San Francisco, CA 94102

## DEFENDANTS

$64,760 in United States Currency

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **LABOR** | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 710 Fair Labor Standards Act | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 720 Labor/Management Relations | 830 Patent | 430 Banks and Banking |
| | 340 Marine | **PERSONAL PROPERTY** | 740 Railway Labor Act | 835 Patent—Abbreviated New Drug Application | 450 Commerce |
| 151 Medicare Act | 345 Marine Product Liability | 370 Other Fraud | 751 Family and Medical Leave Act | 840 Trademark | 460 Deportation |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 350 Motor Vehicle | 371 Truth in Lending | 790 Other Labor Litigation | **SOCIAL SECURITY** | 470 Racketeer Influenced & Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 791 Employee Retirement Income Security Act | 861 HIA (1395ff) | 480 Consumer Credit |
| | 360 Other Personal Injury | 385 Property Damage Product Liability | | 862 Black Lung (923) | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 362 Personal Injury -Medical Malpractice | | **IMMIGRATION** | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 190 Other Contract | | | 462 Naturalization Application | 864 SSID Title XVI | 890 Other Statutory Actions |
| 195 Contract Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 465 Other Immigration Actions | 865 RSI (405(g)) | 891 Agricultural Acts |
| 196 Franchise | 440 Other Civil Rights | **HABEAS CORPUS** | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| | 441 Voting | 463 Alien Detainee | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| **REAL PROPERTY** | 442 Employment | 510 Motions to Vacate Sentence | | 871 IRS–Third Party 26 USC § 7609 | 896 Arbitration |
| 210 Land Condemnation | 443 Housing/ Accommodations | 530 General | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 220 Foreclosure | 445 Amer. w/Disabilities– Employment | 535 Death Penalty | | | 950 Constitutionality of State Statutes |
| 230 Rent Lease & Ejectment | 446 Amer. w/Disabilities–Other | **OTHER** | | | |
| 240 Torts to Land | 448 Education | 540 Mandamus & Other | | | |
| 245 Tort Product Liability | | 550 Civil Rights | | | |
| 290 All Other Real Property | | 555 Prison Condition | | | |
| | | 560 Civil Detainee– Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation–Transfer | ☐ 8 Multidistrict Litigation–Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 21, United States Code, Section 881(a)(6)

Brief description of cause:
Drug Related Forfeiture

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, Fed. R. Civ. P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S), IF ANY *(See instructions)*:

JUDGE

DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)

*(Place an "X" in One Box Only)*   ☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE   ☐ EUREKA-MCKINLEYVILLE

DATE   06/21/2018   SIGNATURE OF ATTORNEY OF RECORD