1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  KAREN BEAUSEY (CABN 155258)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-6598
7      FAX: (415) 436-7234
       Karen.Beausey@usdoj.gov
8
   Attorneys for Plaintiff United States of America
9
   DANNY B. SCHULTZ, SBN 196232
10 156 2'nd Street, Suite 626
   San Francisco CA 94105
11 Telephone: 415/465-1266
   Facsimile: 415/842-0396
12 Email: danny@jacksonsquarelaw.com

13 Attorney for Claimant KRISTOPHER DION HOWARD

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                         SAN FRANCISCO DIVISION

17 | UNITED STATES OF AMERICA,            ) CASE NO. 3:18-CV-03708-TSH
                                          )
18 |     Plaintiff,                       )
                                          )  **SETTLEMENT AGREEMENT AND**
19 | v.                                   )  ~~[PROPOSED]~~ **JUDGEMENT OF FORFEITURE**
                                          )
20 | $64,760 in United States Currency,   )
                                          )
21 |     Defendant,                       )
                                          )
22 | KRISTOPHER DION HOWARD,              )
                                          )
23 |     Claimant.                        )
                                          )

   The parties stipulate and agree as follows:

   1.    Plaintiff is the United States of America (hereafter "United States"). Defendant is $64,760 in U.S. Currency seized at the San Francisco International Airport by the United States Drug Enforcement Administration on February 5, 2018 (hereafter "defendant currency"). After proper

1

notification and publication was given, Kristopher Dion Howard (hereafter "Claimant") filed a claim in this action as the sole claimant to the defendant currency. With leave of the Court, no answer to the complaint has yet been filed by Claimant. The United States and Claimant jointly are hereafter referred to as the "parties" in this Settlement Agreement.

2. The parties agree that this resolution in this action is based solely on the terms stated in this Settlement Agreement. It is expressly understood that this Settlement Agreement has been freely and voluntarily entered into by the parties. The parties further agree that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this Settlement Agreement. This Settlement Agreement shall not be modified or supplemented except in writing signed by the parties. The parties have entered into this Settlement Agreement in lieu of protracted litigation and Magistrate Court or District Court adjudication.

3. This settlement is a compromise over disputed issues and does not constitute any admission of any wrongdoing or any liability by any party.

4. Claimant asserts that he is the sole owner of the defendant currency.

5. The parties agree that the United States will return $25,904 (and all interest accrued thereon, subject to any delinquent debts owed to any federal, state, or local agencies, as discussed in Paragraph 8 below) of the defendant currency to Claimant. The return of this sum shall be in full settlement and satisfaction of any and all claims to the defendant currency by Claimant, his heirs, his representatives, and his assignees.

6. Claimant does not admit, but does not contest, that the remainder of the defendant currency ($38,856, plus all interest accrued on that amount, hereafter the "remaining currency") is subject to forfeiture pursuant to Title 21, United States Code, Sections §§ 841, 853 and 881(a)(6). Claimant withdraws any and all claims to the remaining currency and relinquishes all rights, title, and interest in the remaining currency. Claimant consents to the forfeiture of the remaining currency to the United States without further notice to him and agrees it shall be forfeited and disposed of according to law by the United States.

7. Claimant, his heirs, his representatives, and his assignees shall hold harmless the United States, and any and all agents, officers, representatives, and employees of the same, and including all

federal, state, and local enforcement officers, for any and all acts directly or indirectly related to the seizure and forfeiture of the defendant currency and for any and all claims, defenses, actions, or liabilities arising out of or related to this action against the defendant currency. Claimant agrees not to assist or authorize, or to allow on his behalf, any effort by any other individual or entity to claim or seek the remaining currency or to contest its forfeiture. Claimant further waives any and all constitutional and statutory challenges in any form (including by direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement, including waiving any claim that the forfeiture constitutes an excessive fine or punishment and waiving any claim based upon a statute of limitations or upon due process.

8. Claimant agrees that he has had the opportunity to consult with his attorney, that he has carefully read this Settlement Agreement and discussed it with his attorney, and that he fully understands the scope and effect of the provisions of this Settlement Agreement. Claimant further agrees that he has discussed with his attorney the Debt Collection Improvement Act of 1996 (DCIA), 31 U.S.C. § 3716, that he understands its implications, and that he understands that the return of the $25,904, and all interest accrued thereon, is subject to the directives and restrictions of the DCIA.

9. The parties agree that each party shall pay its own attorneys' fees and costs.

10. Pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence, no portion of this stipulated settlement, including statements or admissions made herein, shall be admissible in any criminal action.

11. Based on the foregoing Settlement Agreement between the United States and Claimant, the parties agree that, subject to the Court's approval, the proposed Judgment of Forfeiture submitted

///
///
///
///
///
///
///

below with this Settlement Agreement be entered into and that this action be dismissed.

**IT IS SO STIPULATED:**

Dated: 6/19/19

DAVID L. ANDERSON
United States Attorney

KAREN D. BEAUSEY
Assistant United States Attorney

Dated: 6/13/19

KRISTOPHER DION HOWARD
Claimant

Dated:

DANNY B. SCHULTZ, SBN 196232
156 2nd Street, Suite 626
San Francisco CA 94105
Email: danny@jacksonsquarelaw.com
Attorney for Kristopher Dion Howard

## [PROPOSED] JUDGMENT OF FORFEITURE

UPON CONSIDERATION of the Settlement Agreement and the record, and for good cause shown, it is by the Court ORDERED, ADJUDGED AND DECREED that $38,856, plus all interest accrued upon that amount, of the defendant currency be, and hereby is, forfeited to the United States of America for disposition by the Attorney General in accordance with law.

IT IS FURTHER ORDERED that $25,904, plus all interest accrued upon that amount, be released to the Claimant Kristopher Dion Howard, subject to the terms and conditions outlined in the Settlement Agreement between the parties.

IT IS FURTHER ORDERED that this action be, and hereby is, DISMISSED.

Dated: June 20, 2019

HONORABLE THOMAS S. HIXSON
United States Magistrate Judge